Dear Garfield County District Attorney Stocker,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
A county assessor contracts with a private company to discoverpersonal property that has not been properly listed with thecounty assessor. The company provides the assessor with a reportidentifying the property. The assessor creates an assessmentsheet of the omitted property and sends notice to the owner. Theowner of the property files a complaint seeking an informalhearing. During the informal hearing process the owner providesthe assessor with information, including maps and bills of sale,for the purpose of establishing the value of the property andwhere it is located. The assessor and the owner exchangecorrespondence concerning the property. Does the exemption to theOpen Records Act found at 68 O.S. Supp. 2005, § 2835(E) makethese materials confidential?
 I. Overview Of Omitted Property Listing And Assessment By The County Assessor
¶ 1 The office of county assessor is a statutorily created elective public office. 68 O.S. 2001, § 2814[68-2814]; 19 O.S. Supp.2005, § 131[19-131](B). Generally, the duties of the county assessor include "collecting information about property, assigning a value to certain property, listing the property, and creating public records of this information." A.G. Opin. 96-26, at 79 (citations omitted).
¶ 2 Your question involves the process by which certain property is listed and assessed for purposes of ad valorem taxation. The owner of the property subject to ad valorem taxation is required to list the property with the county assessor annually on forms prescribed by the Oklahoma Tax Commission. 68 O.S. 2001, § 2835[68-2835](A). It is the "duty of the county assessor to furnish such forms to any taxpayer upon request, and all personal property shall be listed on such forms." Id. § 2835(B). The lists "shall be signed and sworn to and filed with the county assessor not later than March 15 of each year[.]" Id. "All such sworn lists of property shall be protected as confidential and shall not be available for inspection under the Open Records Act." Id. § 2835(E).
¶ 3 Sections 2843 and 2844 of Title 68 govern situations in which personal property subject to taxation has not been listed with the county assessor. Section 2843 provides in pertinent part:
 A. If any personal property is not listed with the county assessor on or before March 15th of any year, the county assessor shall proceed, as soon as the omission is discovered, to ascertain and estimate
from the best information obtainable, the amount and value of such property, and shall list and assess the same in the name of the owner thereof if such owner be known. If the owner is unknown the property may be listed and assessed in the name of the person in charge of such property as agent, or it may be listed and assessed to "unknown owner"; and the failure of the county assessor to ascertain the true owner shall not invalidate the assessment.
. . . .
 C. No assessment of personal property not listed
with the county assessor shall become final until ten (10) days after the county assessor has mailed
to the last-known address of the person, firm, association, corporation or company he believes to be the owner, or to the person in charge of such property, a copy of the assessment sheet upon which such property is listed, and which assessment sheet shall show a reasonable itemization and description of the property assessed and the value thereof, and shall show that the list and assessment was made by the county assessor.
Id.
¶ 4 Title 68 O.S. Supp. 2005, § 2844[68-2844] provides in pertinent part:
 A. If any real, personal, railroad, air carrier or public service corporation property is omitted in the assessment of any prior year or years, and the property thereby escapes just and proper taxation, at any time and as soon as such omission is discovered, the county assessor or the county board of equalization . . . whose duty it is to assess the class of property which has been omitted, shall at any time cause such property to be entered on the assessment rolls and tax rolls for the year or years omitted, not to exceed the last fifteen (15) years as to real property and the last three (3) years as to personal property, and shall, after reasonable notice to the parties affected, in order that they be heard, assess such omitted property for said periods and cause to be extended against the same on the tax rolls for the current year all arrearage of taxes properly accruing against it, including therein interest at the lawful rate as set forth in Section 2913 of this title, calculated from the time such tax should have become delinquent.
Id.
¶ 5 Title 68 O.S. Supp. 2005, § 2876[68-2876] details the procedure to be followed to provide notice to the tax-payer of the assessment of the omitted property, and provides the taxpayer with an opportunity to file a complaint seeking an informal hearing before the county assessor to resolve the dispute.
¶ 6 You ask whether the notice/assessment sheets, the taxpayer complaint, and documentation related to the same are confidential under 68 O.S. 2001, § 2835[68-2835](E) and thus not subject to disclosure pursuant to the Oklahoma Open Records Act ("Act") (51O.S. 2001 Supp. 2005, §§ 24A.1-24A.29).
 II. Open Records Act Analysis
¶ 7 The basic framework for analysis of the Act consists of three questions. First, is the individual or entity a "public official" or "public body" subject to the Act? Second, is the item a "record" for purposes of the Act? Third, if the item is a record, is it an "open record"?
¶ 8 A. Is the individual or entity a "public official" or"public body" subject to the Act?
When analyzing the Act it is important to bear in mind the underlying legislative intent. Title 51 O.S. 2001, § 24A.2[51-24A.2]
states in pertinent part:
 The purpose of this act is to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power. The privacy interests of individuals are adequately protected in the specific exceptions to the Oklahoma Open Records Act or in the statutes which authorize, create or require the records. Except where specific state or federal statutes create a confidential privilege, persons who submit information to public bodies have no right to keep this information from public access nor reasonable expectation that this information will be kept from public access[.]
Id.
¶ 9 The first determination to be made is whether a county assessor is a "public official." For purposes of the Act, a public official is defined as "any official or employee of any public body as defined herein[.]" 51 O.S. Supp. 2005, §24A.3[51-24A.3](4). Section 24A.3(2) states:
 "Public body" shall include, but not be limited to, any office, department, board, bureau, commission, agency, trusteeship, authority, council, committee, trust or any entity created by a trust, county, city, village, town, township, district, school district, fair board, court, executive office, advisory group, task force, study group, or any subdivision thereof, supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property, and all committees, or subcommittees thereof.
Id.
¶ 10 As stated previously, the county assessor is a statutorily created elected office charged with gathering information about and assigning a value to certain taxable property. See 68 O.S.2001, § 2814[68-2814]; 19 O.S. Supp. 2005, § 131[19-131](B); A.G. Opin. 96-26, at 79 (citations omitted). Thus, a county assessor is a public official who is generally subject to the Act.
¶ 11 B. Is the item a "record" for purposes of the Act?
The Act defines "record" as:
 [A]ll documents . . . or other material regardless of physical form or characteristic, created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business. . . .
51 O.S. Supp. 2005, § 24A.3[51-24A.3](1).
¶ 12 The documents and materials you describe in your question are either created or received by the county assessor in connection with the performance of his or her statutory functions to list and assess omitted property. Therefore, they are "records" for purposes of the Act.
¶ 13 C. If the item is a record, is it an "open record"?
The Act "does not apply to records specifically required by law to be kept confidential." 51 O.S. Supp. 2005, § 24A.5[51-24A.5](1). Your question references 68 O.S. Supp. 2005, § 2835[68-2835](E). Section 2835 states:
 A. On or before January 1 of each year, the Oklahoma Tax Commission shall prescribe for the use of all county assessors, suitable blank forms for the listing and assessment of all property, both real and personal. Such forms shall contain such information and instructions as may be necessary in order to obtain a full and complete list of all taxable property and such forms shall be used uniformly throughout the state. Any change in these forms must have the approval of the Tax Commission.
 B. It shall be the duty of the county assessor to furnish such forms to any taxpayer upon request, and all personal property shall be listed on such forms in the manner provided therein. Such lists shall be signed and sworn to and filed with the county assessor not later than March 15 of each year; and such lists may show the description of real property, which may be by subdivision of quarter sections, or less if any such subdivision is owned in less quantity, describing such less quantity by United States Land Survey nomenclature if that can be done, otherwise by metes and bounds, according to ownership.
 C. Real estate need not be listed by the taxpayer, but may be listed if the taxpayer so desires, in which case the list shall show the taxpayer's estimate of the value of each tract of land and shall separately show the value of the buildings and improvements thereon.
 D. All such sworn lists of property shall contain such other information concerning both real and personal property as may be required by such forms
so prescribed.
 E. All such sworn lists of property shall be protected as confidential and shall not be available for inspection under the Open Records Act.
Id. (emphasis added).
¶ 14 The exemption to the Act found in subsection E applies to "[a]ll such sworn lists of property." The sworn lists of property made confidential are limited to those lists filed by the taxpayer with the county assessor pursuant to subsection B. The exemption would not cover the assessment sheets, notice, or other correspondence sent by the county assessor to the taxpayer because these are not the "sworn lists of property" identified in the statute. For the same reason, the exemption would not extend to records provided to the county assessor by the taxpayer during the informal hearing process.
¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The exemption to the Open Records Act found at 68 O.S. 2001, § 2835 (E) is limited only to "sworn lists of property" filed by a taxpayer with the county assessor. It does not cover omitted property assessment sheets and notices sent by the county assessor pursuant to 68 O.S. 2001, § 2843. Furthermore, the exemption does not make confidential records created or received in the informal hearing process of 68 O.S. Supp. 2005, § 2876(F).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 D. CASEY DAVIS Assistant Attorney General